UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LALEH S. ZELINSKY,<br><br>                    Plaintiff,<br><br>          v.<br><br>DAVID KAPLAN, et al.,<br><br>                    Defendants. | Case No. 13-cv-04586-JCS<br><br>**REPORT AND RECOMMENDATION REGARDING ORDER TO SHOW CAUSE**<br><br>**Dkt. No. 7** |

## I.      INTRODUCTION

        Defendants Sara Tam Lopez Ogilvie and Peter David Ogilvie ("Removing Defendants") have removed the underlying case, a quiet title action, to federal court.[1] There is no diversity and no federal question on the face of the complaint. On October 9, 2013, the Court issued an Order to Show Cause why the case should not be remanded to the Superior Court of California, County of San Francisco ("San Francisco Superior Court") for lack of subject matter jurisdiction. A hearing was held on November 1, 2013 at 9:30 a.m. For the reasons stated below, the Court recommends that the action be remanded to the San Francisco Superior Court.

## II.      BACKGROUND

        Plaintiff Laleh S. Zelinsky ("Plaintiff") alleges to be the owner of real property located at 825 Geary Street in San Francisco, California ("Property"). Dkt. No. 11-1 (Compl. to Quiet Title). On May 21, 2013, Plaintiff filed a complaint in the San Francisco Superior Court seeking to quiet title to the Property. *See id.* On October 3, 2013, Removing Defendants filed the Notice of Removal in this Court. Dkt. No. 1. Removing Defendants have indicated that the basis for removing the action is the existence of an U.S. Government defendant. *See* Dkt. No. 1-1 (Civil

---

[1] Other defendants in the underlying action are David Kaplan, Drake-Geary LLC, Otto Weiss, Drake Investments, Bay Area Properties, LTD, and all persons claiming any legal or equitable right, title, estate, lien, or interest in the Property, and Does 1–30. *See* Dkt. No. 11-1 (Compl. to Quiet Title).

Cover Sheet). However, the underlying case does not involve any U.S. Government parties. Defendants also cite "28 USC Title IV Rule 19" as a basis for jurisdiction, but this citation is incomplete. *See id.* To the extent that the citation is intended to refer to Part IV of 28 U.S.C. and Rule 19 of the Federal Rules of Civil Procedure, these are merely general provisions regarding federal jurisdiction and joinder.

## III.    ANALYSIS

### A.    Legal Standard

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citations omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. (citations omitted).

Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441. Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint. *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Id. See also Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) (plaintiff is the "master of the complaint" who may "avoid federal jurisdiction by pleading solely state-law claims").

Federal subject matter jurisdiction based on diversity requires complete diversity of citizenship and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a)(1). When an action is removed based on diversity, complete diversity must exist at the time of removal. *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 773 (9th Cir. 1986) (citing *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985)). "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

United States District Court
Northern District of California

### B.     Analysis

The removal of this case by Removing Defendants was improper. First, Plaintiff asserted in its complaint a cause of action for quiet title, which is a state law claim. The Court has not identified any federal claims in the complaint. Accordingly, there is no federal question on the face of the complaint to confer jurisdiction upon this court. *See Friend v. Kreger*, C-98-0877-VRW, 1998 WL 242685 (N.D. Cal. May 7, 1998) (granting motion to remand quiet title action to state court).

Second, the Court does not have jurisdiction based on diversity because complete diversity is lacking. Removing Defendants identify themselves as residents of California. *See* Dkt. No. 1 ¶ 1 (Compl. to Quiet Title, as modified by Defendants). Plaintiff identifies herself as a citizen of California. *See* Pl.'s Mem. of P. & A. in Supp. of Order to Remand Case to State Ct. at 5. Defendants Kaplan, Bay Area Properties Ltd., and Drake-Geary LLC all appear to be citizens of California for diversity purposes. *See id.* Removing Defendants have not presented any evidence to the contrary.

## IV.     CONCLUSION

For the reasons stated above, the Court RECOMMENDS that this action be remanded to the San Francisco Superior Court with no further delay. The Clerk shall reassign this case to a United States District Judge for action on this Report and Recommendation.

IT IS SO ORDERED.

Dated: November 4, 2013

Joseph C. Spero
United States Magistrate Judge

United States District Court
Northern District of California

3